The next case is case number 241782, Wendy Zepet-Alvarado et al. v. Pamela J. Bondi. At this time, would counsel for the petitioners introduce himself on the record to begin? Good morning, and may it please the Court. My name is Christopher Meyer on behalf of the petitioners. I would seek two minutes of rebuttal. You may have two minutes. Thank you. Petitioners have petitioned this Court for review of the agency decision which upheld the Immigration Court's denial of immigration relief in the form of asylum, withholding of removal, and protection under the Convention Against Torture. That determination was made on just four issues. The timeliness of the asylum application, they affirmed there was no extraordinary circumstance of deception. Past persecution was not found with the past harm. Importantly, no nexus determination was addressed in the Board's decision. Similarly, the well-founded fear of future persecution, the Board's analysis rested entirely on a finding that the petitioner had not met the requisite more likely than not standard of withholding of removal, which makes, and obviously finally, a determination was not more likely than not that they would suffer torture as a result. However, the importance of this Court addressing the timeliness factor and firmly asserting jurisdiction to review whether extraordinary circumstances exist is of paramount importance, especially in this case considering So what's the statutory language that we're dealing with when it comes to the one-year bar? Extraordinary circumstance. So that is ACFR Section 1208.4A.5 lists obviously certain circumstances that can't be intentionally created. There must be a file within a reasonable amount of time. And then it goes on to list, and importantly it says, the circumstances may include but are not limited to. And that's serious illness or mental or physical disability, including any effects of persecution or violent harm suffered in the past during the one-year period of arrival. Subsection 2 is legal disability, arrival as a minor, and I believe Section 3 covers the sufficiency of legal counsel. I would like to point out that this is obviously non-exhaustive. We need to look to the congressional intent, and I would point the Court to a similar, albeit it's a different circumstance. So I guess what I was trying to ask about is 8 U.S.C. 1158.82d says that the agency may consider an untimely application if the alien demonstrates to the satisfaction of the Attorney General. Yes. I guess my question to you is, why does the satisfaction of the Attorney General not turn this into one of those discretionary rulings that we can't review? Because this Court has even recognized that an exception exists from 8 U.S.C. 1252.82d to consider questions of law and constitutional claims. And that's exactly what we can't review. And what is that? Because all that I read here was, we don't think that somebody who says I'm subject to these various impediments is enough to extend the one-year bar. However, I might determine that, whatever. But the question here is, what about that is legal or constitutional? Because it is statutorily defined. It is this Court's obligation post-Loper Bright to emphatically say, what is the law? But not if something is committed to agency discretion. I mean, that's not what Loper Bright says. So the BIA adopted, in its test, it adopted the Ninth Circuit's Al Qujai v. Garland, where that Court explicitly found there is jurisdiction, because this Court has recognized, the Supreme Court has recognized, that settled facts, and we are not challenging the facts. We are challenging, does that meet the definition? And it is of importance because of the non-exhaustive nature of extraordinary circumstances. If I may point you to the statutory definition of exceptional circumstances. This is in the context of rescission of in absentia orders of removal. If I grant that that may be a legal argument that we could review, was that argument made specifically below to the BIA or the IJ? I believe that the argument was that the immigration judge's analysis failed to consider the totality of the circumstances, which on their own may not have amounted to extraordinary circumstances, but together did. If I can just quickly, I'd like to move to the exceptional circumstances definition, just to show that the statutory intent of Congress is much more open here for extraordinary circumstances than it is exceptional. I guess, and please do that, but I guess my worry is that the argument below, based on the age being an extraordinary circumstance, wasn't made, and that we're looking at that here for the first time. I believe that the age was just one of the factors that was raised in the briefing before the Board that were not adequately considered. Moving to the exceptional circumstances definition, exceptional circumstances include battery or extreme cruelty to the alien or child or parent of the alien, serious illness of the alien, serious illness or death of the child. This is a CFR list that the agency has put together to tell people, this is what we're going to think about when we make this discretionary decision. Why is the fact that the agency has put forth some of the considerations it will use to exercise its discretion, change this from a discretionary decision to an application of law? Because the statute itself defines extraordinary circumstances, and post-Loverbright, this Court has, there's no requisite deference, regardless of... So does that mean all of these things throughout the immigration statute that define things to the satisfaction of the Attorney General, the discretion of the Attorney General, to the decision of the Attorney General, those have all been converted into mixed questions of law and fact, of which we have jurisdiction? I believe so, because again, Loverbright, it's the obligation to provide what that is, to allow the Attorney General... I mean, Loverbright is about, if a statute is ambiguous, we do not defer to the agency. Right? Do you agree with that? Absolutely. What's the ambiguity in 1158A2D that says that it's up to the satisfaction of the Attorney General? What's the ambiguous question that I need to resolve about that? I believe the ambiguous question would be whether the Attorney General's discretion coincides with the statutory congressional language that's put forth as to extraordinary circumstances. And importantly, as I explained, there is no... This is not an exhaustive list. So allowing Attorney General maximum discretion allows the executive branch to essentially make these determinations and prosecute those determinations without any federal court ensuring that it matches up with the statutory text. Going back, the exceptional circumstances for the purposes of rescission of the in absentia order have specific language that say, but not including less compelling circumstances beyond the control of the alien. No such language is present. No limiting factors are present in extraordinary circumstances. So the board, adopting the test that it did, placed limitations that far exceed the statutory intent. Thank you. Would counsel for the respondent please introduce themselves on the record to begin? May it please the court, my name is Jesse Loret and I represent the Attorney General of the United States. This court should dismiss in part and deny in part this petition for review. This court lacks jurisdiction to review the denial of asylum as a timely file. I'd like to quickly address the Loefer-Bright argument. That doesn't apply here. This is not a matter of agency interpretation. This is a jurisdiction stripping statute that applies to this court, not to the agency. The agency wouldn't interpret that. We would disagree. Also, we think that Wilkinson controls the Supreme Court's decision in Wilkinson and that court held that discretionary determinations are not mixed questions of fact and law, are not reviewable as mixed questions of fact or law. Here, the statutory language tracks a lot of the discussion in Wilkinson. The language is to the satisfaction of the Attorney General. We believe that that renders it completely unreviewable as a discretionary determination. The other issue that was raised by Petitioner, that the board erred in not addressing the son's circumstances, that was not raised to the board. Therefore, that's completely unexhausted at this point. Turning to the remaining issues regarding withholding of removal and cap protection. Petitioner says he did raise that. It was one of the factors that he cited. We disagree with that. I think the relevant portion of the record is AR32-34. That's his brief before the board. I don't think the son's issues are addressed in there at all. The only issue that the son rose before the immigration judge, and this was in his initial asylum application, was that he wasn't aware of the asylum laws. He didn't raise his age or anything like that in that application. But again, the son's specific circumstances, it's the government's position that they weren't raised to the board, and that's AR32-34, the brief that they wrote before the board. Getting to the past harm, the threats were unfulfilled, so they ultimately do not rise to the level of persecution. The government recognizes that this Court has held that in some circumstances it can, but we do not think that they rise to that level here. What's the difference? What does our case law suggest that a threat can? Especially menacing or credible, things of that nature. Here they were threats over a four-year period that were never escalated. They were never acted on. No harm was done to these particular individuals. So in that circumstance, the government feels that that falls squarely into the situation where the threats did not rise to the level of persecution. Also, considering the standard of review, which is substantial evidence here, that's a real high hurdle for them, I suppose. Moving to the clear probability of future persecution, again, the government does not believe that substantial evidence compels a contrary conclusion to that reached by the agency. Again, the past threats were not acted on. It doesn't necessarily follow that they would be in the future, therefore. Also, they rely heavily on generalized evidence of country conditions, but under this Court's case law, that usually does not compel a conclusion of a future. And is that because you have to drill down to tie that to yourself? Yes, Your Honor. They haven't connected it to the situation that they face, and their past complaints are not persecution, so that doesn't really support that they would be in the future. Last, turning to the application for cap protection, again, the government's position is that substantial evidence doesn't compel the conclusion that the past experiences rise to the extreme level of torture. And also, again, the generalized evidence of country conditions, which is in particular to them, doesn't support a clear probability of future torture. If there are no further questions, the government believes that this Court should dismiss in part and deny in part the petition for review. Thank you very much. Thank you, counsel. At this time, counsel, for the petitioner, please reintroduce yourself on the record. You have a two-minute rebuttal. Do the country conditions in Guatemala put these particular petitioners at risk of future persecution? Yes, absolutely. If I can point you to, it's in the U.S. State Department report. It speaks directly to the communities of which petitioners are from. On June 8th of 2021, violence in Ichuguan and Tahuamuco of San Marcos, Guatemala, escalated to the point that the government intervened and entered a state of siege after highly publicized violence between the groups of local inhabitants fighting over territorial claims of AR-247. So it is not generalized. It's specific that, in the record, that there is a substantial likelihood. Whether or not you choose to take up the one-year bar, it is more likely than not that they would be harmed in the future. I would also like to point to the IJ, BIA, and respondents' reliance on an assertion that threats were made over a period of four years that's not supported by substantial evidence. That comes from testimony, and the testimony is on AR-193, asking, when did they first approach you? Well, to be honest, I don't have a date, but right now, as of the date of the hearing, it's been like four years that that's been happening. So based on the hearing date of February 2024, that puts the inception of the threats at 2020, just one year before the flight. I would also note that June 8, 2021, which I referenced in the State Department report, is just prior to respondents' entry. So the surrounding circumstances are of utmost importance, and they do directly relate. And they show, whether you take up an asylum standard of 1 in 10 likelihood or the heightened standard of more likely than not, it is more likely than not that Petitioner would face persecution from either her persecutors, or from members of the other towns. And that four year, if I may, that four year is not just one line. The immigration judge actually asked for clarification on that. And it was confirmed that the judge says, you stated in your testimony, the first time you were threatened was about four years ago, again, as of the date of the testimony. So at a minimum, there's clear error in the factual finding. If you read through the BIA's decision, it rested heavily on that four year period where they're saying there's unfulfilled threats. It needs to go back simply because the underlying factual determination is clearly erroneous. Thank you. Your time is up.